UNITED STATES DISTRICT COURT
District of Massachusetts

| | |
|---|---|
| TWO DIAMOND CAPITAL CORP.<br>    Plaintiff<br><br>v.<br><br>ALUMINUM ALLOYS MFG, LLC f/k/a<br>ALUMINUM ALLOYS, LLC and<br>CREED WHITE, INDIVIDUALLY,<br>    Defendants | Civil Action Case No.: |

## VERIFIED COMPLAINT

### INTRODUCTION

1. This is an action brought by the Plaintiff, Two Diamond Capital Corp (hereinafter referred to as "Two Diamond" or the "Plaintiff"), against the Defendant, Aluminum Alloys MFG, LLC f/k/a Aluminum Alloys, LLC (hereinafter referred to as "AA" or the "Defendant"), for claims arising out of the Defendants' Breach of Contract, Unjust Enrichment, Breach of Implied Covenant of Good Faith and Fair Dealing, and Violation of M.G.L. c. 93A, and against the Defendant, Creed White, individually (hereinafter referred to as "White"), to enforce a personal guaranty, which caused the Plaintiff to suffer damages. The Plaintiff and Defendant, AA, freely entered into a Promissory Note and Security Agreement wherein the Plaintiff was to loan a certain sum of money to AA, which sum was increased by way of several amendments thereto, and AA agreed to repay said amounts loaned. White, in consideration of the issuance of the Note and Security Agreement, executed a personal guaranty therefor (hereinafter, collectively referred to as the "Loan Documents"). Per the terms of the agreed-upon and signed Note and Security Agreement, the Plaintiff has fulfilled its obligations and conditions under the contract and AA has failed and/or refused to pay the amounts due under the contract. As a result, Plaintiff has

suffered damages to its detriment and the Defendants are liable for all damages resulting from said breach, including the sum of money now due, and all attorney fees, costs and interest pursuant to the Loan Documents.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C §1332(a) because there is complete diversity of citizenship among the parties and because the amount in controversy exceeds $75,000.00, excluding costs.

3. Jurisdiction is also conferred on this Court pursuant to the terms of the Loan Documents.

4. Defendants are each subject to personal jurisdiction in this district because they entered into contracts at issue with the parties operating in Massachusetts and caused injury to Plaintiff in Massachusetts through conduct, actions, and communications that took place, in substantial part, in Massachusetts.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

## PARTIES

6. Plaintiff, Two Diamond Capital Corp., is a duly organized and existing corporation organized under the laws of the Commonwealth of Massachusetts with its principal office located at 28 Riverside Drive, Suite 240, Pembroke, Massachusetts 02359.

7. Defendant, Aluminum Alloys MFG, LLC, formerly known as Aluminum Alloys, LLC,[1] is a duly organized and existing Limited Liability Company organized under the laws of the State of Maryland with its principal office located at 9 Brook Valley Court, Freeland,

---

[1] Aluminum Alloys, LLC changed its name with the Office of the Secretary of State for the State of Maryland on January 18, 2018. One of t he suspected names believed to be used is American Aluminum Alloys, LLC.

2

Maryland 21053. Aluminum Alloys MFG, LLC also has a business location at 150 Orchard Street, Dallastown, Pennsylvania 17313.[2]

8. Defendant, Creed White is an individual, and the current managing member/president of AA, whose address is 9 Brook Valley Court, Freeland, Maryland 21053.

## FACTS

9. On January 11, 2018, AA executed a Demand Promissory Note in the amount of Five Hundred Thousand Dollars ($500,000.00) (the "Note") and a Loan and Security Agreement ("Agreement"), securing said Note, with Two Diamond See Exhibit A attached hereto.

10. Pursuant to the terms of the Agreement, and more specifically Article 1 - Section 1.06, AA granted a security interest in all of its right, title, and interest, in and to, all of its assets, including, but not limited to machinery and equipment, accounts receivables and inventory, as security for the Note (the "Collateral").

11. On January 9, 2018, Two Diamond executed and filed a UCC-1, filing No. 180109-1303001, as security on all assets of AA, with the Office of the Secretary of State for the State of Maryland ("UCC"). See Exhibit B attached hereto.

12. On January 11, 2018, White executed an Unconditional Personal Guaranty (the "Guaranty"), thereby personally guarantying payment and performance of the Note and Agreement, and any funds advanced thereunder. See Exhibit C attached hereto.

13. Thereafter, AA executed five separate amendments to the Loan Documents dated March 21, 2018, June 11, 2018, July 5, 2018, August 7, 2019, and August 8, 2019.

14. The First Amendment, dated March 21, 2018, increased the amount due under the Loan Documents to Seven Hundred and Fifty Thousand Dollars ($750,000.00). See First

---

[2] Defendant, Aluminum Alloys MFG, LLC, has had a number of different addresses on various documents. This is the latest per their website.

Amended and Restated Demand Secured Promissory Note and First Amendment to Loan and Security Agreement attached hereto as Exhibit D.

15. The Second Amendment, dated June 11, 2018, increased the amount due under the Loan Documents to One Million Two Hundred Thousand Dollars ($1,200,000.00). See Second Amended and Restated Demand Secured Promissory Note and Second Amendment to Loan and Security Agreement attached hereto as Exhibit E.

16. The Third Amendment, dated July 5, 2018, increased the amount due under the Loan Documents to One Million Five Hundred Thousand Dollars ($1,500,000.00). See Third Amended and Restated Demand Secured Promissory Note and Third Amendment to Loan and Security Agreement attached hereto as Exhibit F.

17. The Fourth Amendment to the Loan and Security Agreement, dated August 7, 2019, reduced the Prime Rate Increment, Monthly Management Fee, Facility Fee, but increased the Termination Fee.

18. The Fourth Amended and Restated Demand Secured Promissory Note and Fifth Amendment to the Loan and Security Agreement, dated August 8, 2019, increased the amount due under the Loan Documents to One Million Six Hundred Thousand Dollars ($1,600,000.00). See Fourth Amended and Restated Demand Secured Promissory Note and Fifth Amendment to Loan and Security Agreement attached hereto as Exhibit G.

19. As of June 8, 2020, pursuant to the terms of the Loan Documents, AA is indebted to Two Diamond in the amount of One Million Three Hundred Seventy Two Thousand Eight Hundred Ninety-Four and 90/100 Dollars ($1,372,894.90). This amount is comprised of a loan balance in the amount of One Million Three Hundred Fifty-Seven Thousand Six Hundred Fifty-Seven and 24/100 Dollars ($1,357,657.24), interest in the amount of Seven Thousand Nine

Hundred Seventy-Eight and 83/100 Dollars ($7,977.83), CMF in the amount of Four Thousand One Hundred Thirty-Four and 83/100 Dollars($4,134.83), UCC Termination fees in the amount of One Hundred and 00/100 Dollars ($100.00), and continuing legal fees currently amounting to Three Thousand and 00/100 Dollars ($3,000.00).

20. On a number of occasions subsequent to the execution of the Loan Documents, various UCC filings were recorded at the Offices of the Secretaries of State in both Pennsylvania and Maryland wherein AA pledged its assets (the Collateral of Two Diamond) as security for debt other than the Plaintiff's.  See Exhibit H attached hereto.  Two Diamond was unaware of these creditors and the transactions or bases leading to these UCC filings and, from their appearance, AA is in violation of Article 6 of the Agreement.

21. Based on information and belief and aged receivables on hand at the time of this Complaint, it appears that at least three of AA's account debtors[3] have reduced their balances due to AA, which is indicative that either payments were made or write-offs occurred totaling $433,000.00.  If payments were the cause of the reduction, none were made to Two Diamond as required pursuant to the Loan Documents.

22. Pursuant to the Agreement, account debtors of AA are to make payments directly to Two Diamond via a lockbox via arrangement.  Upon information and belief and aged receivables on hand at the time of this Complaint, and without conducting an audit, the Plaintiff believes that the lack of payments from AA customers being made to the lockbox of the Plaintiff, as required by the Agreement, is due to those payments being made directly to AA in violation of Articles 1 and 3 of the Agreement, and more specifically Sections 1.11 and 1.13 of Article 1, Sections 3.01 and 3.02 of Article 3, and without explanation, notice, or authorization from Two

---

[3] "Account Debtors" as used herein are those clients/customers of AA who, by agreement pursuant to the Loan Documents, are to make payment to a specified lockbox, which payments then go directly to Two Diamond.

Diamond. AA was notified of and several requests were made for updated accounts receivable aging reports. Two Diamond, pursuant to the Agreement, sent correspondence to AA's customers requesting confirmation of their indebtedness to AA and restated their requirement to make payment for goods directly to the lockbox as required by the Agreement.

23. On March 9, 2020, as a result of AA's default/breach of the Agreement and AA's failure to perform its obligations under the Agreement as required, Two Diamond sent a demand to AA demanding payment in full of all obligations no later than the close of business on March 16, 2020. See <u>Exhibit I</u> attached hereto. AA neglected, failed, and/or refused to make payment as demanded.

24. Thereafter, Two Diamond, with assistance of counsel, discussed the situation with AA and possible remedies. One such remedy was for the Plaintiff to agree to a reduced amount as satisfaction in full of all of the Defendant's indebtedness to the Plaintiff, such amount to be satisfied through refinancing by the Defendant. Multiple discussions have taken place, but the parties failed to reach an agreement.

25. Two Diamond has performed all of its obligations under the Agreement.

COUNT I
-Breach of Contract-
Loan Documents
<u>(Two Diamond Capital Corp. v. Aluminum Alloys MFG, LLC f/k/a Aluminum Alloys, LLC)</u>

26. The Plaintiff restates the allegations set forth in paragraphs 1 through 25 of this Verified Complaint as if fully set forth herein.

27. AA entered into certain contracts, namely the Loan Documents and the Amendments thereto with Two Diamond Corp.

28. AA is obligated to pay the indebtedness under the Loan Documents.

29. All of the obligations under the Loan Documents are now immediately due and payable. AA's failure to satisfy the obligations under the Loan Documents constitutes a breach of the Loan Documents.

30. AA is therefore indebted to the Plaintiff for the total amount of the balance due under the Note and attorney's fees, plus any and all accrued interest and costs.

31. AA breached the terms of the Agreement by failing to pay the balance owed pursuant to the Loan Documents after demand was made.

32. AA further breached the terms of the Agreement by selling, transferring, conveying or otherwise divesting themselves of assets which were secured by the Agreement as security for the Note owed to Two Diamond.

33. AA further breached the terms of the Agreement by receiving payments directly from its customers, bypassing the lockbox, which is in violation of the Agreement.

34. The Defendants further breached the terms of the Agreement by failing and refusing to provide Two Diamond with information demanded relative to its account debtors and/or accounts receivable lists to which Two Diamond is entitled as required by the Agreement. Two Diamond had to contact AA's customers on its own to verify balances owed to AA and restate the customer's requirement to make payments to the lockbox.

35. Pursuant to Article 9, Section 9.02 of the Agreement, the Plaintiff is entitled to recover from AA such additional sums, including attorney's fees and costs both before and after this Complaint is filed, incurred by Two Diamond in the enforcement of AA's obligations and protections of Two Diamond's interests and rights under the Loan Documents, inclusive of any and all amendments thereto. As a result of the foregoing breach, Plaintiff has been required to, and has, retained the services of legal counsel to represent it in connection with this matter. The

exact amount of attorney fees to be incurred by Plaintiff is presently unknown to Plaintiff, who will seek leave to amend this Complaint after that sum has been ascertained.

36. When Plaintiff sent the Demand to the AA to collect final payment, AA, without merit, refused to pay the amount owed in clear breach of the Loan Documents.

37. Despite Plaintiff's attempt to collect the money owed by AA, AA has refused to honor the contract forcing Plaintiff to initiate these efforts in litigation.

38. As a result of the actions of AA, the Plaintiff has suffered and continues to suffer significant harm and damages.

## COUNT II
### -Unjust Enrichment-
### *(Two Diamond Capital Corp. v. Aluminum Alloys MFG, LLC f/k/a Aluminum Alloys, LLC)*

39. The Plaintiff restates the allegations set forth in paragraphs 1 through 38 of this Verified Complaint as if fully set forth herein.

40. AA received the benefit of loan proceeds advanced in good faith pursuant to the Agreement.

41. AA is, and was, aware of the terms of the Agreement which required AA to preserve its assets, which were pledged as security for the Note.

42. AA breached the terms of the Agreement by encumbering, transferring, conveying or otherwise divesting themselves of assets which were secured by the Agreement as security for the Note owed to Two Diamond and the monies advanced, thereby receiving the benefit of the assets to the Plaintiff's detriment.

43. AA breached the terms of the Agreement by receiving direct payments from account debtors, instead of allowing such payments to go through the lockbox in violation of the Agreement and depriving Two Diamond monies owed, thereby receiving the benefit of such directed payments to the Plaintiff's detriment.

44. As such, AA have been unjustly enriched to the detriment of the Plaintiff.

45. As a result of the actions of AA, the Plaintiff has suffered and continues to suffer significant harm and damages.

COUNT III
-Breach of Covenant of Good Faith and Fair Dealing-
(*Two Diamond Capital Corp. v. Aluminum Alloys MFG, LLC f/k/a Aluminum Alloys, LLC*)

46. The Plaintiff restates the allegations set forth in paragraphs 1 through 45 of this Verified Complaint as if fully set forth herein.

47. The Plaintiff and AA each freely entered into the Loan Documents referred to in this Complaint wherein it was expressed that Plaintiff was to loan funds to AA and AA was to repay said amounts loaned pursuant to the terms of the Note and Agreement, and White was to guaranty said repayment by AA.

48. Per the terms of the Loan Documents referred to herein, AA breached the Note and Agreement by failing and/or refusing to make payment due per the Demand by the Plaintiff and by encumbering the collateral securing the Note without authorization from the Plaintiff as required by the Loan Documents. The Plaintiff has issued and AA has received a Demand as outlined in the above paragraphs totaling One Million Three Hundred Seventy Two Thousand Eight Hundred Ninety-Four and 90/100 Dollars ($1,372,894.90), the balance due. AA has neglected, failed, and/or refused to pay the balance due.

49. It is clearly delineated in each of the Loan Documents that payment is due upon Demand.

50. AA has made no complaints regarding the Plaintiff's obligations being met under the Loan Documents.

51. AA made request for, received, and acknowledged the funds from the Plaintiff as provided in the Note and Security Agreement for Defendant's use and benefit.

52. AA has taken multiple actions in violation of the Security Agreement, and, as such, breached the Agreement.

53. AA intentionally and willfully breached its obligation by not making full payment to the Plaintiff as required and demanded under and pursuant to the Loan Documents.

54. AA' intentional departure from the terms and provisions of the Loan Documents is/was a willful default and breach of the contractual agreements between the parties.

55. To date, AA has failed and/or refused to pay the balance due in the amount of One Million Three Hundred Seventy Two Thousand Eight Hundred Ninety-Four and 90/100 Dollars ($1,372,894.90), despite Plaintiff's demand for repayment.

56. Throughout Plaintiff's performance, AA was fully aware that Plaintiff was performing with the expectation of repayment.

57. AA has fully benefited from Plaintiff's loans without complying with the terms of the contractual agreements.

58. AA breached the contractual agreements by not making payment in the amount of One Million Three Hundred Seventy Two Thousand Eight Hundred Ninety-Four and 90/100 Dollars ($1,372,894.90), despite Plaintiff's full performance of the contractual agreement.

59. AA' breach was material.

60. The Plaintiff has suffered, to its detriment, from AA' breach of good faith and fair dealing as Plaintiff relied upon the terms of the contractual agreements in its performance.

61. As a result of the actions of AA, the Plaintiff has suffered and continues to suffer significant harm and damages.

## COUNT IV
### -Enforcement Against Personal Guarantor-
### (*Two Diamond Capital Corp. v. Creed White*)

62. The Plaintiff restates the allegations set forth in paragraphs 1 through 61 of this Verified Complaint as if fully set forth herein.

63. On January 11, 2018, White executed an Unconditional Personal Guaranty (the "Guaranty"), thereby personally guarantying payment and performance of the Note and Agreement, and any funds advanced thereunder.

64. The obligations of AA to Two Diamond are guaranteed by White pursuant to the Guaranty. White provided his unlimited and unconditional guaranty of the obligations of AA to Two Diamond.

65. The failure by White to ensure that AA timely made required payments under the Guaranty constitutes a breach of the Guaranty. As a direct and proximate result of the breach by AA and White, Two Diamond is entitled to recover damages under said Guaranty.

## COUNT V
### -Foreclosure on Collateral-
### (*Two Diamond Capital Corp. v. Aluminum Alloys MFG, LLC f/k/a Aluminum Alloys, LLC*)

66. The Plaintiff restates the allegations set forth in paragraphs 1 through 65 of this Verified Complaint as if fully set forth herein.

67. As a result of AA's defaults under the Note and the Agreement, Two Diamond is entitled to take immediate possession of the Collateral in the possession of AA or any of its agents.

68. As a result of AA's defaults under the Note and Agreement, Two Diamond is entitled to judgment foreclosing its interest in the Collateral by directing the sale of the Collateral with the proceeds of the sale to be applied to AA's obligations to Two Diamond as provided in the Loan Documents and applicable law.

69. The interest of AA and persons claiming by, through, or under it, in the Collateral is junior to the interest of Two Diamond.

## COUNT VI
### -Violation of M.G.L. c. 93A, § 11-
*(Two Diamond Capital Corp. v. Aluminum Alloys MFG, LLC f/k/a Aluminum Alloys, LLC)*

70. The Plaintiff restates the allegations set forth in paragraphs 1 through 69 of this Verified Complaint as if fully set forth herein.

71. During all relevant times to this action, Plaintiff's and AA's interaction was commercial in nature. Plaintiff loaned funds to AA and AA was to repay said amounts loaned pursuant to the terms of the Note and Agreement.

72. Plaintiff fully performed all of its obligations to the benefit of AA.

73. AA has failed and/or willfully refused to make payments as required by the Loan Documents and may have directed AA's account debtors to deviate from making the required payments directly to Two Diamond via the lockbox.

74. Based on information and belief and aged receivables on hand at the time of this Complaint, it appears that at least three of AA's account debtors have reduced their balances, which is indicative that either payments were made or write-offs occurred totaling $433,000.00. If payments were the cause of the reduction, none were made to Two Diamond as required pursuant to the Loan Documents and write-offs occurred without the consent or authorization from Two Diamond.

75. Pursuant to the Agreement, customers of AA are to make payments directly to Two Diamond via a lockbox. Upon information and belief, and without independent investigation/audit, the Plaintiff believes that the lack of payments from AA customers being made to the lockbox of the Plaintiff, as required by the Agreement, is due to those payments being made directly to AA in violation of Articles 1 and 3 of the Agreement, and more specifically Sections

1.11 and 1.13 of Article 1, Sections 3.01 and 3.02 of Article 3, and without explanation, notice, or authorization from Two Diamond. AA was notified of and several requests were made for updated accounts receivable aging reports. Two Diamond, pursuant to the Agreement, sent correspondence to AA's customers requesting confirmation of their indebtedness to AA and restated their requirement to make payment for goods directly to the lockbox as required by the Agreement.

76. AA's deviation and redirection is an unfair method of competition and/or an unfair or deceptive act or practice declared unlawful by M.G.L. c. 93A and 15 U.S. Code § 45.

77. M.G.L. c. 93A, § 11 provides a cause of action to a business that suffers loss of money or property due to another business's unfair or deceptive trade acts and practices. By its refusal to make payment and its possible redirection of payments, AA's actions are unfair, immoral, unethical, and unscrupulous.

78. The Massachusetts Supreme Judicial Court has provided some guidance, holding that in a case involving two businesses, a practice is unfair if it is "within . . . the penumbra of some common-law, statutory, or other established concept of unfairness; . . . is immoral, unethical, oppressive, or unscrupulous; [and] . . . causes substantial injury to [another business]." Linkage Corp. v. Trustees of Boston University, 425 Mass. 1, 27 (1997).

79. As a result of AA' actions, the Plaintiff has suffered financially in lost funds, lost use of funds, and lost interest.

80. As a result of AA' actions, the Plaintiff has been forced to file the instant lawsuit, further being damaged in the form of attorneys' fees and related costs.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF ALL CLAIMS SO TRIABLE.**

WHEREFORE, the Plaintiff prays for relief as follows:

1. That Two Diamond have judgment against AA for the sum of the unpaid principal balance and accrued interest under the Note in the amount of One Million Three Hundred Seventy Two Thousand Eight Hundred Ninety-Four and 90/100 Dollars ($1,372,894.90), plus interest on the balance due, together with fees and costs, in accordance with the terms of the Loan and Security Agreement, until the date a judgment is entered.

2. That Two Diamond have judgment against AA for the full amount of Two Diamond's attorney fees and costs incurred in Two Diamond's lending relationship and collection efforts with AA including, but not limited to the fees and costs incurred by Two Diamond in this case.

3. That Two Diamond have judgment against Creed White (the "Guarantor") for the sum of the unpaid principal and accrued interest under the Note in the amount of One Million Three Hundred Seventy Two Thousand Eight Hundred Ninety-Four and 90/100 Dollars ($1,372,894.90), plus interest on the balance due in accordance with the terms of the Loan and Security Agreement, until the date a judgment is entered.

4. That interest be awarded on the entire judgment at the maximum legal rate from the date of judgment until paid.

5. That Two Diamond be awarded immediate possession of the Collateral.

6. That the:

    a) interest of Two Diamond in the Collateral be declared a valid first lien on the Collateral;

    b) interest of Two Diamond in such Collateral be foreclosed and sold at one or more foreclosure sales in the manner provided by law; and

    c) proceeds of the foreclosure sales be applied to the obligations of AA under the Note, together with any additional amounts that Two Diamond has incurred or may advance under the terms of the Loan Documents, together with interest thereon from the date of payment;

7.	That, by such foreclosure sales, the interest of all Defendants and persons claiming by, through, or under them subsequent to the execution of the Loan Documents, be adjudged subordinate to Two Diamond's interest and be forever foreclosed except only for the statutory right of redemption;

8.	That Two Diamond be permitted to be a bidder for and purchaser of the Collateral, or any part thereof, and that the successful purchaser(s) at the foreclosure sales be permitted to take immediate possession of the Collateral purchased;

9.	That, if any deficiency remains after application of the proceeds from any sale of the Collateral, execution be issued for the deficiency against AA and the Guarantor, and against any of their property not exempt from execution limited to the amounts of judgments against them;

10.	That Two Diamond have judgment against AA for the sum of One Million Three Hundred Seventy Two Thousand Eight Hundred Ninety-Four and 90/100 Dollars ($1,372,894.90), plus interest on the balance due, together with attorney's fees and costs, pursuant to violation of M.G.L. c. 93A, § 11;

11.	That any judgment awarded Two Diamond be doubled or tripled pursuant to M.G.L. c. 93A, as AA's actions were willful and knowing; and

12.	For any other and further relief that the court deems just and equitable.

Dated: June ___, 2020

TWO DIAMOND CAPITAL CORP.,
Plaintiff,
By its Counsel

Steven J. Marullo, Esq. (BBO No. 323040)
Richard A. Mestone, Esq. (BBO No. 642789)
435 Newbury Street, Ste. 217
Danvers, MA 01923
Tel: (617) 723-1111
email: sjmlaw@verizon.net

## VERIFICATION

The facts related to this claim and set out in this Verified Complaint are of my own personal knowledge, or if they are based upon information and belief, I believe them to be true. The documents attached as Exhibits to this Verified Complaint are true and correct copies of what they purport to be.

Signed under the pains and penalties of perjury this 16th day of June, 2020.

TWO DIAMOND CAPITAL CORP.

By: _____
Print Name: Michael P. Kot.
Its President

16